IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

GWENDOLYN CLARK,
    Plaintiff,

V.                                                  CASE NO.

DOLLAR GENERAL CORPORATION,
    Defendant.

## NOTICE OF REMOVAL

**TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

PLEASE TAKE NOTICE that defendant, Dollar General Corporation, Improperly Named, hereby removes to this Court the state action described below.

On February 22, 2021, an action was commenced in the Suffolk Superior Court, entitled *Gwendolyn Clark v. Dollar General Corporation*, Civil Action No.: 2184CV00397.

Defendant, Dollar General Corporation, Improperly Named, was served with a Summons on April 13, 2021, at Store Support Center, 100 Mission Ridge, Goodlettsville, TN 37072 pursuant to M.R.C.P., Rule 4, and received a copy of plaintiff's Complaint with Jury Demand, Civil Action Cover Sheet and Civil Tracking Order on same date. Dollar General Corporation is not an entity registered to do business within the Commonwealth of Massachusetts and as such, has been improperly named in this action.

A copy of all process and pleadings served upon defendant, Dollar General Corporation, Improperly Named, in the state court action is attached hereto as Exhibit "A".

This action is a civil action of which this Court has original jurisdiction under 28 U.S.C. §1332, and is one which may be removed to this Court by the defendant pursuant to the provisions of 28 U.S.C. §1441 in that it is a civil action between citizens of different states, and the matter in controversy is $1,000,000 exclusive of interest and costs, as pled by the plaintiff based on alleged personal injury sustained by the plaintiff. The plaintiff alleges that as a result of the occurrence she was caused to suffer serious physical injury, medical expenses, great pain of body and mind, permanent impairment and loss of function.

    Defendant, Dollar General Corporation, Improperly Named is informed and believes that the plaintiff, Gwendolyn Clark resides in Hyde Park, MA and is a citizen of the City of Boston, Suffolk County, in the Commonwealth of Massachusetts, as pled in the Plaintiff's Complaint. Defendant, Dollar General Corporation, Improperly Named was at the time of the filing of this action, and still is, a citizen of: Incorporated under the laws of the State of Tennessee, having a principal office at 100 Mission Ridge, Goodlettsville, TN 37072.

    WHEREFORE, defendant, Dollar General Corporation, Improperly Named, prays that this action be removed to the United States District Court for the District of Massachusetts.

/s/ David A. White
David A. White, Esq.-BBO No. 551682
Davis & White, LLC
869 Turnpike Street
North Andover, MA 01845
(978) 688-1433
dwhite@daviswhite.com

Attorney for Defendant,
Dollar General Corporation, Improperly Named

Dated: 05/12/2021

## **CERTIFICATE OF SERVICE**

I, David A. White, Attorney for Defendant, Dollar General Corporation, Improperly Named, certify that on May 12, 2021, I served the within **Notice of Removal**, on Plaintiff, Gwendolyn Clark, electronically through the ECF system to the registered participants pursuant to Local Rule 5.2(b) as follows:

Timothy J. Lowney, Esq.
Stewart W. Steele, Esq.
LOWNEY LAW, LLC
1234 Hyde Park Ave.
Suite 102
Hyde Park, MA 02136
tim@lowneylaw.com
stewart@lowneylaw.com

                                            /s/ David A. White
                                            David A. White

# EXHIBIT A

## Commonwealth of Massachusetts

SUFFOLK, SS.

TRIAL COURT OF THE COMMONWEALTH
SUPERIOR COURT DEPARTMENT
CIVIL DOCKET NO: 2184cv00397

Gwendolyn Clark
_____, PLAINTIFF(S),

v.

Dollar General Corporation
100 Mission Ridge , DEFENDANT(S)
Goodlettsville, TN

Out Of County
Rec'd Date 3.30.21
_____ 6s3 ____ D.S.

SUMMONS

THIS SUMMONS IS DIRECTED TO ___Dollar General Corporation___ . (Defendant's name)

You are being sued. The Plaintiff(s) named above has started a lawsuit against you. A copy of the Plaintiff's Complaint filed against you is attached to this summons and the original complaint has been filed in the __Suffolk Superior__ Court. YOU MUST ACT PROMPTLY TO PROTECT YOUR RIGHTS.

1. You must respond to this lawsuit in writing within 20 days. If you do not respond, the court may decide the case against you and award the Plaintiff everything asked for in the complaint. You will also lose the opportunity to tell your side of the story. You must respond to this lawsuit in writing even if you expect to resolve this matter with the Plaintiff. If you need more time to respond, you may request an extension of time in writing from the Court.

2. How to Respond. To respond to this lawsuit, you must file a written response with the court and mail a copy to the Plaintiff's Attorney (or the Plaintiff, if unrepresented). You can do this by:
   a. Filing your signed original response with the Clerk's Office for Civil Business, Suffolk Superior Court, 3 Pemberton Sq, Boston, MA 02108 (address), by mail or in person, AND
   b. Delivering or mailing a copy of your response to the Plaintiff's Attorney/Plaintiff at the following address: Timothy J. Lowney, 1234 Hyde Park Ave Ste 102, Hyde Park, MA 02136

3. What to include in your response. An "Answer" is one type of response to a Complaint. Your Answer must state whether you agree or disagree with the fact(s) alleged in each paragraph of the Complaint. Some defenses, called affirmative defenses, must be stated in your Answer or you may lose your right to use them in court. If you have any claims against the Plaintiff (referred to as counterclaims) that are based on the same facts or transaction described in the Complaint, then you must include those claims in your Answer. Otherwise, you may lose your right to sue the Plaintiff about anything related to this lawsuit. If you want to have your case heard by a jury, you must specifically request a jury trial in your Answer or in a written demand for a jury trial that you must send to the other side and file with the court no more than 10 days after sending your Answer. You can also respond to a Complaint by filing a "Motion to Dismiss," if you believe that the complaint is legally invalid or legally insufficient. A Motion to Dismiss must be based on one of the legal deficiencies or reasons listed under Mass. R. Civ. P. 12. If you are filing a Motion to Dismiss, you must also comply with the filing procedures for "Civil Motions" described in the rules of the Court in which the complaint was filed, available at www.mass.gov.courts/case-legal-res/rules of court.

| CIVIL TRACKING ORDER (STANDING ORDER 1-88) | DOCKET NUMBER 2184CV00397 | Trial Court of Massachusetts The Superior Court |
|---|---|---|
| CASE NAME: Clark, Gwendolyn vs. Dollar General Corporation | | Michael Joseph Donovan, Clerk of Court |
| TO: Timothy Jay Lowney, Esq. Lowney Law LLC 1234 Hyde Park Ave Suite 102 Hyde Park, MA 02136 | | COURT NAME & ADDRESS Suffolk County Superior Court - Civil Suffolk County Courthouse, 12th Floor Three Pemberton Square Boston, MA 02108 |

## TRACKING ORDER - F - Fast Track

You are hereby notified that this case is on the track referenced above as per Superior Court Standing Order 1-88. The order requires that the various stages of litigation described below must be completed not later than the deadlines indicated.

### STAGES OF LITIGATION                                   DEADLINE

|  | SERVED BY | FILED BY | HEARD BY |
|---|---|---|---|
| Service of process made and return filed with the Court |  | 05/24/2021 |  |
| Response to the complaint filed (also see MRCP 12) |  | 06/22/2021 |  |
| All motions under MRCP 12, 19, and 20 | 06/22/2021 | 07/22/2021 | 08/23/2021 |
| All motions under MRCP 15 | 06/22/2021 | 07/22/2021 | 08/23/2021 |
| All discovery requests and depositions served and non-expert depositions completed | 12/20/2021 |  |  |
| All motions under MRCP 56 | 01/18/2022 | 02/17/2022 |  |
| Final pre-trial conference held and/or firm trial date set |  |  | 06/17/2022 |
| Case shall be resolved and judgment shall issue by |  |  | 02/22/2023 |

The final pre-trial deadline is **not the scheduled date of the conference**. You will be notified of that date at a later time.
Counsel for plaintiff must serve this tracking order on defendant before the deadline for filing return of service.
This case is assigned to

| DATE ISSUED | ASSISTANT CLERK | PHONE |
|---|---|---|
| 02/22/2021 | Margaret M Buckley | (617)788-8110 |

Date/Time Printed: 02-22-2021 15:43:42                                    SCV026\ 08/2018

| CIVIL ACTION COVER SHEET | DOCKET NUMBER | Trial Court of Massachusetts The Superior Court |
|---|---|---|
| PLAINTIFF(S): Gwendolyn Clark<br>ADDRESS: 11 Taunton Ave, Hyde Park, MA 02136 | | COUNTY<br>Suffolk |
| | DEFENDANT(S): Dollar General Corporation | |
| ATTORNEY: Timothy J. Lowney<br>ADDRESS: 1234 Hyde Park Ave Ste 102, Hyde Park, MA 02136 | ADDRESS: 100 Mission Ridge, Goodlettsville, TN 37072 | |
| BBO: 644433 | | |

### TYPE OF ACTION AND TRACK DESIGNATION (see reverse side)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | HAS A JURY CLAIM BEEN MADE? |
|---|---|---|---|
| B20 | Personal Injury - Slip & Fall | F | [X] YES  [ ] NO |

*If "Other" please describe:

Is there a claim under G.L. c. 93A?  [ ] YES  [X] NO

Is this a class action under Mass. R. Civ. P. 23?  [ ] YES  [X] NO

### STATEMENT OF DAMAGES PURSUANT TO G.L. c. 212, § 3A

The following is a full, itemized and detailed statement of the facts on which the undersigned plaintiff or plaintiff's counsel relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

**TORT CLAIMS**
(attach additional sheets as necessary)

A. Documented medical expenses to date:
1. Total hospital expenses ................................................................................................ $17,907.67
2. Total doctor expenses ................................................................................................... $
3. Total chiropractic expenses ........................................................................................... $
4. Total physical therapy expenses .................................................................................... $
5. Total other expenses (describe below) .......................................................................... $
   Subtotal (A): $17,907.67

B. Documented lost wages and compensation to date ...................................................... $
C. Documented property damages to date ........................................................................ $
D. Reasonably anticipated future medical and hospital expenses ..................................... $20,000.00
E. Reasonably anticipated lost wages ................................................................................ $
F. Other documented items of damages (describe below) ................................................. $

G. Briefly describe plaintiff's injury, including the nature and extent of injury:
right rotator cuff tendinopathy, cervical spondylosis, bruised ribs, headaches, right elbow medial epicondylitis, back pain, trapezius, latissimus dorsi muscle strain, right arm pain

TOTAL (A-F): $1,000,000.00

**CONTRACT CLAIMS**
(attach additional sheets as necessary)

[ ] This action includes a claim involving collection of a debt incurred pursuant to a revolving credit agreement. Mass. R. Civ. P. 8.1(a).
Provide a detailed description of claim(s):

TOTAL: $ 1,000,000.00

Signature of Attorney/ Unrepresented Plaintiff: X _____     Date: 2/22/2021

RELATED ACTIONS: Please provide the case number, case name, and county of any related actions pending in the Superior Court.

### CERTIFICATION PURSUANT TO SJC RULE 1:18

I hereby certify that I have complied with requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods of dispute resolution.

Signature of Attorney of Record: X _____     Date: 2/22/2021

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, ss.                              SUPERIOR COURT DEPARTMENT
                                          CIVIL ACTION NO. _____

GWENDOLYN CLARK           )
Plaintiff                 )
                          )
v.                        )         COMPLAINT
DOLLAR GENERAL            )
CORPORATION               )
Defendant                 )
                          )

## PARTIES

1. Plaintiff Gwendolyn Clark (hereinafter referred to as "Plaintiff") is an individual residing in Hyde Park, Suffolk County, Massachusetts.

2. Defendant Dollar General Corporation (hereinafter referred to as "Defendant") is a corporation organized under the laws of Tennessee with a store location in Hyde Park, Suffolk County, Massachusetts.

## COUNT I

3. On or about February 28, 2019, Plaintiff was entering the Dollar General store located on River Street in Hyde Park ("Premises").

4. Said Premises were owned by Defendant.

5. At the same time and place, Plaintiff slipped and fell on uncleared snow and/or ice on the sidewalk in front of the store.

6. Defendant was responsible to clear or remedy snow and ice from the sidewalk in front of the store within a reasonable timeframe or as required by law.

7. Defendant, its agents, servants, and/or employees failed to clear or remedy snow and ice from the sidewalk in front of the store within a reasonable timeframe or as required by law.

8. Defendant, its agents, servants, and/or employees failed to maintain the Premises in a reasonably safe condition.

9. Defendant, its agents, servants, and/or employees failed to properly and visibly warn customers of the dangerous condition.

10. As a result of the negligence of Defendant, Plaintiff was caused to suffer serious personal injury, medical expenses, great pain of body and mind, permanent impairment and loss of function.

11. Defendant is liable to Plaintiff for her damages.

## COUNT II

12. Plaintiff re-states each and every allegation in paragraphs 1 through 11 as if set out fully herein.

13. Defendant, its officers, agents, servants, and/or employees were negligent in failing to provide for proper procedures, guidelines and standards for customer safety, or, having established such procedures, guidelines, and standards, in failing to enforce same; and/or in failing to properly hire, train, supervise, oversee, and manage customer safety.

14. Defendant is liable to Plaintiff for her damages.

WHEREFORE, Plaintiff demands the following relief:

1. That the Court enters judgment for Plaintiff against Defendant Dollar General Corporation.

2. That the Court enters an award of damages for Plaintiff in an amount commensurate with her damages.

3. That the Court grants Plaintiff such other relief as is just and proper.

PLAINTIFF DEMANDS A TRIAL BY JURY OF ALL ISSUES SO TRIABLE IN THE COMPLAINT.

                                        Plaintiff Gwendolyn Clark
                                        By her attorneys,

Dated: February 19, 2021                /s/ Timothy J. Lowney
                                        Timothy J. Lowney, Esq. (BBO #644433)
                                        Stewart W. Steele, Esq. (BBO # 698121)
                                        LOWNEY LAW, LLC
                                        1234 Hyde Park Ave, Suite 102
                                        Hyde Park, MA 02136
                                        (617) 364-8000
                                        tim@lowneylaw.com
                                        stewart@lowneylaw.com